■ In the Matter of NEW YORK SHIPPING ASSOCIATION-INTERNATIONAL LONGSHOREMEN'S ASSOCIATION MEDICAL CENTER OF BROOKLYN, INC., Appellant, v. MEDICAL APPEALS UNIT OF THE BUREAU OF WORKMEN'S COMPENSATION et al., Respondents.— Order entered October 2, 1967, herein appealed from, unanimously affirmed, without costs or disbursements. Petitioner, a nonprofit corporation organized and existing by virtue of a special act of the Legislature (L. 1957, ch. 988) sought a Compensation Medical Board license from the Workmen's Compensation Board. The Medical Appeals Unit of the Bureau of Workmen's Compensation (Workmen's Compensation Law, § 13-aa) approved the denial by the Kings County Medical Society of a Compensation Medical Bureau license to petitioner (§§ 13-c, 13-aa). Thereafter petitioner instituted this article 78 proceeding to annul such determination. Special Term in dismissing the petition declared, *inter alia,* petitioner is neither an employer nor a qualified physician as required by the provisions of the Workmen's Compensation Law to operate such a bureau. When petitioner was organized its stated purpose and the power conferred upon it under the law of its creation was to render certain services, including diagnostic services to ambulatory patients (L. 1957, ch. 988, § 2). The law provided (§ 9) further, " nothing herein, however, shall prohibit the maintenance of an emergency first aid station at the Center, provided there shall be no follow-up or continuous treatment beyond first aid for emergencies only ". When the act was amended in 1963, section 9 remained intact. However, petitioner was permitted to render certain services to former as well as present employees on an outpatient basis (L. 1963, ch. 853, § 2). A liberal reading of the powers conferred indicates that petitioner is authorized to engage in the conditional practice of medicine within certain limitations. The petitioner now seeks to offer a complete medical program in all medical services areas to those eligible, and also complete treatment of industrial injuries and ills. This would necessarily include some inpatient treatment. Petitioner speaks also of its desire, if the license be granted, to have its physicians follow its patients to hospitals, where hospitalization is required, and to continue treatment thereafter at the Center should such be necessary. Recent laws could render such a procedure economically beneficial to petitioner. The act under which petitioner was created limits petitioner's powers, and the sought after activities are not permitted thereby. Petitioner lacks the corporate capacity to accept and utilize the powers sought, including inpatient treatment. The order appealed from is therefore affirmed, without costs or disbursements, and without prejudice to such other and further action as petitioner deems desirable or as it may be advised to pursue. Concur — Stevens, J. P., Capozzoli and Tilzer, JJ.; Eager, J., concurs in the results only; Steuer, J. concurs in the following memorandum: I concur in the result expressed in the memorandum for the reasons therein stated. While strictly speaking the affirmance does not indorse the grounds adopted at Special Term, it is believed advisable in the event of future applications to be on record as being in disagreement with them. I do not believe that the provision in the Workmen's

Compensation Law (§ 13-c) providing for the recommendation by a medical society for the licensing of a unit refers to anything other than the adequacy of the facilities, the competency of the medical staff and like matters in regard to the applicant. It is hardly conceivable that the Workmen's Compensation Bureau would turn to or rest decision on the medical society's opinion on a question of law. Nor do I believe that in this case the society's conclusion as to the law was correct. [54 Misc 2d 619.]